Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| **Carmen Negrón López**, Miguel A. Reyes Rivera, Sociedad Legal de Bienes Gananciales compuesta entre Carmen Negrón López y Miguel A. Reyes Rivera<br><br>Apelante<br><br>vs.<br><br>Estado Libre Asociado e Puerto Rico; representado por el Hon. Domingo Emanuelli Hernández, Secretario del Departamento de Justicia, Departamento de Salud de Puerto Rico, representado por su Secretario, Hon. Carlos R. Mellado López<br><br>Apelados | TA2025AP00469 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br><br>Caso Núm.: AI2024CV00010<br><br><br>Sobre: Violación de Derechos Civiles |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de noviembre de 2025.

Comparecen el señor Miguel A. Reyes Rivera, la señora Carmen Negrón López, y la Sociedad Legal de Bienes Gananciales compuesta por ambos (matrimonio Reyes Negrón o parte apelante, conjuntamente), quienes solicitan la revocación de la Sentencia emitida el 12 de septiembre de 2025[1], por Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI o foro primario). Mediante el referido dictamen, el foro primario desestimó la Demanda instada por la parte apelante, por ausencia de

---
[1] Notificada el 23 de septiembre de 2025.

jurisdicción sobre la materia, de conformidad con la Regla 10.2(1) de Procedimiento Civil, *infra*.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, confirmamos la Sentencia apelada por los fundamentos que expondremos a continuación.

**I.**

El 15 de enero de 2024, el matrimonio Reyes Negrón instó una Demanda sobre reclamación salarial, violación de derechos constitucionales, y daños y perjuicios, en contra del Estado Libre Asociado de Puerto Rico, el Departamento de Salud de Puerto Rico, y el Secretario de Justicia (parte apelada). En esencia, la parte apelante alegó que la Sra. Negrón López, quien es nutricionista, ocupa el puesto de supervisora de Nutrición Dietética y Lactancia en el Programa WIC[2] de Coamo. Precisó que esta devenga un sueldo mensual de $3,446.00, a pesar de que ocupa un puesto bajo la categoría de labores extraordinaria, que le hace elegible a recibir el diferencial salarial. No obstante, argumentó que no ha sido remunerada a tales efectos, lo cual considera que es una actuación discriminatoria y arbitraria por parte del Departamento de Salud.

Ante tales alegaciones, el 15 de abril de 2024, el Departamento de Salud presentó su Contestación a la Demanda. Entre otros extremos, adujo que la parte apelante no agotó los remedios ante la Comisión Apelativa de Servicios Públicos (CASP).

Luego de una serie de incidencias procesales, cuyo tracto no amerita pormenorización, el 23 de junio de 2025, el ELA presentó una Moción Solicitando la Desestimación por Falta de Jurisdicción en la Materia, Regla 10.2 (1) de las de Procedimiento Civil. Arguyó que, la CASP posee la jurisdicción exclusiva para dilucidar asuntos

---

[2] Conocido en español como Nutrición Suplementaria para Mujeres, Infantes y Niños (Programa WIC, por sus siglas en inglés).

concernientes al principio de méritos y relativos al pago del diferencial solicitado. Por tanto, peticionó la desestimación de la reclamación instada en su contra por entender que el foro primario carece de jurisdicción sobre la materia.

Por su parte, el 21 de julio de 2025, el matrimonio Reyes Negrón interpuso una Oposición a Moción Solicitando la Desestimación por Falta de Jurisdicción en La Materia, Regla 10.2 (1) de Procedimiento Civil. Mediante este escrito, argumentó que la causa de acción instada responde al impago del diferencial de salarial, es decir, gira en torno a un asunto de retribución. Por ende, explicó que no se tienen que agotar los remedios administrativos, toda vez que señaló que la controversia no gira en torno al principio de méritos, dispuesto en la Ley Núm. 8-2017, *infra.* En vista de ello, razonó que no procede la desestimación del pleito.

El 31 de agosto de 2025, el ELA presentó una Réplica A Moción en Oposición a Solicitud de Desestimación. En esta, indicó que, aunque la palabra retribución no aparece en la Sec. 6.1 de la Ley Núm. 8-2017, *infra,* ello no implica que dicho concepto no está contemplado en el principio de méritos preceptuado en dicha legislación. Específicó que, en el principio de méritos están implicadas todos aquellos asuntos vinculados con el reclutamiento, la clasificación, el ascenso y la retención de los empleados. Por consiguiente, sostuvo que la reclamación debe ventilarse ante la CASP.

Evaluados los argumentos de las partes, el 12 de septiembre de 2025, el TPI emitió una Sentencia[3], en la cual desestimó la Demanda instada por la parte apelante. En esencia, resolvió que la CASP tiene jurisdicción exclusiva para atender el reclamo de

---

[3] Notificada el 23 de septiembre de 2025.

retribución, en virtud de la autoridad delegada por la legislatura. A tales efectos, dictó el siguiente pronunciamiento:

> *En Beltrán Cintrón v. ELA, supra, el Tribunal Supremo concluyó que la CASP tenía jurisdicción exclusiva apelativa para atender la implementación del ajuste salarial al entrar en vigor el salario mínimo federal, donde se alegó que se violó el principio de igual paga por igual trabajo y equidad retributiva. El Supremo concluyó que las alegaciones de violación al principio constitucional de igual paga por igual trabajo resultaron insuficientes para no cumplir con la jurisdicción exclusivamente reservada a la agencia (CASP); y que los demandantes no demostraron que dicha acción administrativa fuera una gestión inútil e inefectiva por no brindar un remedio adecuado, que justificara una cuestión de derecho que justificara la intervención primaria del Tribunal.[4]*

Inconforme, el 23 de octubre de 2025, el matrimonio Reyes Negrón recurrió ante este Tribunal de Apelaciones mediante un escrito intitulado Apelación, en el cual esbozó el siguiente señalamiento de error:

> *Erró el TPI al resolver que procede la desestimación de la demanda por carecer de jurisdicción sobre la materia.*

El 27 de octubre de 2025, emitimos una Resolución, en la cual concedimos a la parte apelada un término a vencer el 17 de noviembre de 2025 para presentar su alegato en oposición. En cumplimiento, el ELA, por conducto de la Oficina del Procurador de Puerto Rico, sometió su escrito intitulado Alegato. Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a esta controversia.

## II.

### A.

En nuestro ordenamiento jurídico, un demandado puede solicitar la desestimación de una reclamación cuando de las alegaciones surja que una defensa afirmativa derrotará la pretensión del demandante. *Rodríguez Vázquez v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ___ (2025); *Costas Elena y otros v.*

---

[4] Entrada 45 del Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI).

*Magic Sport y otros,* 213 DPR 523 (2024). A tales efectos, la Regla 10.2(1) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite solicitar la desestimación por falta de jurisdicción sobre la materia. La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 1ra ed., Colombia, 2010, a la pág. 25. Así, pues, la falta de jurisdicción sobre la materia acarrea las siguientes consecuencias:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101-102 (2020); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha establecido que "el Estado, a través de sus leyes, es quien único puede otorgar o privar a un tribunal de jurisdicción sobre la materia". *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023); *Beltrán Cintrón et al. v. ELA et al., supra,* a la pág. 101. Por tanto, si un tribunal determina que carece de jurisdicción para atender determinado asunto, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *CS Advantage v. Fossas Blanco et al., supra,* a la pág. 146; *Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 386-387 (2020).

A manera de ilustración, una ley puede autolimitar la intervención judicial mediante dos vertientes, a saber, (1) la jurisdicción primaria concurrente y (2) la jurisdicción primaria exclusiva:

> *La primera vertiente tiene lugar cuando la ley permite que la reclamación se inicie ya sea en la agencia o en el tribunal;* **la segunda está presente cuando la propia ley establece que el foro administrativo**

***tendrá jurisdicción inicial exclusiva para entender en la reclamación****. Beltrán Cintrón et al. v. ELA et al., supra,* a la pág. 102; *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 709 (2014). (Énfasis nuestro).

En virtud de la jurisdicción exclusiva, "se establece que el ente administrativo tendrá jurisdicción sobre determinado tipo de asuntos, por lo que, en esos casos los tribunales no cuentan con autoridad para atender las reclamaciones en primera instancia". Íd., a la pág. 103; *Báez Rodríguez et al. v. E.L.A.,* 179 DPR 231, 240-241 (2010).

Por otro lado, la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite solicitar la desestimación de una demanda, cuya reclamación no justifique la concesión de un remedio. Ante una petición de tal naturaleza, "los tribunales deberán examinar los hechos alegados en la demanda lo más liberalmente posible a favor de la parte demandante". *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012). Ahora bien, la moción de desestimación prosperará si la parte demanda demuestra que el demandante no tiene derecho a remedio legal alguno. *Inmob. Baleares et al. v. Benabe et al.,* 214 DPR 1109, 1128-1129 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 396 (2022).

En ese análisis, los tribunales tienen el deber de considerar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida. *Consejo Titulares v. Gómez Estremera et al., supra,* a la pág. 423. Así pues, no procede la desestimación a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. Íd. Véase, también, *Rivera v. Jaume,* 157 DPR 562, 584 (2002).

**B.**

En el año 2010, la Asamblea Legislativa de Puerto Rico adoptó el Plan de Reorganización Núm. 2 de 2010, aprobado el 26 de julio de ese año, conocido como el Plan de Reorganización de la Comisión Apelativa del Servicio Público, 3 LPRA Ap. XIII, (Plan de Reorganización). El Art. 4 del Plan de Reorganización, *supra*, instaura como política pública la creación[5] de la Comisión Apelativa del Servicio Público (CASP):

> *Se crea la Comisión Apelativa del Servicio Público como un organismo cuasi-judicial en la Rama Ejecutiva, especializado en asuntos obrero-patronales y del principio de mérito en el que se atenderán casos laborales, de administración de recursos humanos y de querellas, tanto para los empleados que negocian al amparo de la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", como para los empleados públicos cubiertos por la Ley Núm. 184 de 3 de agosto de 2004[6], según enmendada, conocida como la "Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico".*

Con ese propósito en mente, la CASP atiende casos sobre asuntos laborales, administración de recursos humanos y querellas relacionadas con aquellos empleados que negocian en virtud de la Ley Núm. 45-1998 y la Ley Núm. 8-2017, *infra.* Véanse, *Hernández Feliciano v. Mun.*, 211 DPR 99, 112 (2023); *Beltrán Cintrón et al. v. ELA et al.*, *supra*, a la pág. 108. A tales efectos, el Art. 12 del Plan de Reorganización, *supra*, preceptúa la jurisdicción exclusiva de la CASP, como lee a continuación:

> *La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación:*
>
> *(a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio*

---

[5] Su creación responde a la fusión de la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público y la Comisión de Relaciones del Trabajo del Servicio Público.

[6] Derogada y sustituida por la Ley Núm. 8-2017.

> *Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017[7], según enmendada, la Ley 107- 2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;*
>
> *b) cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;* (3A L.P.R.A. Ap. XIII, Artículo 12).

En atención a las facultades de la CASP, el Tribunal Supremo de Puerto Rico atendió el caso de *Beltrán Cintrón et al. v. ELA et al.*, *supra*, en el cual unos empleados alegaron que recibieron un salario menor al que les correspondía, debido a que las agencias gubernamentales donde laboraban no aplicaron el método de ajuste salarial establecido por ley. Ante este contexto, acudieron al foro primario, en donde se desestimó su demanda en torno a reclamación salarial y violación de derechos constitucionales. Tras evaluar sus argumentos, nuestro Máximo Foro confirmó la determinación emitida por el TPI, y razonó que, la CASP es la entidad administrativa que tiene jurisdicción exclusiva sobre este reclamo, de conformidad con la legislación vigente:

> *[P]or medio de las referidas alegaciones, los empleados demandantes —quienes están cobijados por las disposiciones de la Ley Núm. 184-2004, supra— sostienen que las agencias codemandadas, las cuales fungían como Administradores Individuales bajo esta ley, llevaron a cabo determinadas acciones que violaron los derechos que les fueron reconocidos por la ley y los reglamentos aprobados para implantarla. **Es precisamente sobre esos asuntos que el legislador le proveyó a la CASP jurisdicción apelativa exclusiva.***
>
> ***Por consiguiente, en conformidad con el Plan de Reorganización Núm. 2-2010, la CASP es el***

---

[7] **En lo pertinente a este recurso, los Arts. 6 y 7 de la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, Ley Núm. 8-2017, 3 LPRA sec. 1469a, según enmendada, aborda los asuntos referentes el principio de méritos y la retribución.**

***organismo con jurisdicción exclusiva para atender la controversia relacionada con la validez y el alcance del Memorando General Núm. 5-86, o lo que es lo mismo, el efecto que tuvo la implantación del mecanismo de ajuste salarial dispuesto en este sobre los derechos de los empleados demandantes.*** Íd., a las págs. 112-113. (Énfasis nuestro).

No obstante, ante el argumento respecto a la violación de derechos constitucionales, el Tribunal Supremo de Puerto Rico precisó lo siguiente:

> *[R]eiteramos que en casos en los que se pretenda eludir el trámite administrativo específicamente establecido por el legislador a base de una alegada violación de derechos constitucionales, será necesario que la parte demuestre que la acción administrativa constituye una gestión inútil, inefectiva y que no ofrece un remedio adecuado o que causaría un daño irreparable e inminente. Destacamos que, a diferencia del caso Colón Rivera et al. v. ELA, supra, en el cual los demandantes presentaron alegaciones específicas sobre discrimen político para eludir el trámite administrativo, en los casos consolidados de epígrafe los empleados demandantes expusieron planteamientos generales sobre la supuesta violación al principio de igual paga por igual trabajo.* Íd., pág. 115.

### III.

En el recurso de epígrafe, la parte apelante señala que erró el foro primario al desestimar su reclamación en torno al impago del diferencia salarial y violación de derechos constitucionales. Argumenta que no tiene que agotar remedios ante la CASP, toda vez que su pleito no versa sobre principio de méritos, sino sobre la retribución denegada a la Sra. Negrón López por razones discriminatorias, arbitrarias y caprichosas. Por tal razón, nos solicita que revoquemos el dictamen apelado, pues sostiene que el TPI goza de jurisdicción sobre la materia para ventilar su caso.

En oposición, el ELA, por conducto de la Oficina del Procurador de Puerto Rico, arguyó que, los asuntos de retribución recaen bajo la jurisdicción exclusiva de la CASP, conforme lo establece el Plan de Reorganización. Precisa, también que, existe

una relación directa entre la retribución y el principio de mérito, tal como lo concibe lo Ley Núm. 8-2017, *supra*. Por ende, reitera que tales asuntos deben ventilarse ante la aducida agencia, por lo que, nos peticiona que confirmemos la determinación apelada.

Luego de examinar con sumo cuidado el recurso que nos ocupa, determinamos que el foro primario actuó correctamente al no asumir la jurisdicción en el caso de epígrafe. Adelantamos que, la CASP ostenta jurisdicción exclusiva para ventilar el reclamo concerniente al pago del diferencial salarial solicitado por la parte apelante. Veamos.

En primer lugar, recordemos que, en nuestro ordenamiento jurídico, "el Estado, a través de sus leyes, es quien único puede otorgar o privar a un tribunal de jurisdicción sobre la materia". *MCS Advantage v. Fossas Blanco et al.*, *supra*, a la pág. 145. En lo pertinente a este recurso, la limitación jurisdiccional ha ocurrido en virtud del Plan de Reorganización, *supra*. Así, pues, la Asamblea Legislativa de Puerto Rico delegó a la CASP la jurisdicción exclusiva para ventilar aquellos asuntos relativos a la impugnación de determinaciones emitidas por las agencias gubernamentales, como ocurre en el caso presente. Véanse Art. 12(a) del Plan de Reorganización, *supra*; *Beltrán Cintrón et al. v. ELA et al.*, *supra*. En vista de ello, colegimos que el TPI procedió conforme a derecho al declarar que carece de autoridad legal para atender tal determinado asunto, y consecuentemente, desestimar la reclamación sobre retribución salarial, de conformidad con el inciso (1) de la Regla 10.2 de Procedimiento Civil, *supra*.

Por otro lado, nos resta precisar que el foro primario también actuó correctamente al desestimar la causa de acción en torno a la alegada violación de derechos constitucionales. Tras una lectura detenida de las alegaciones referentes a esta causa de acción —de modo favorable a los apelantes—, contemplamos que estos

expusieron planteamientos generales en torno a discrimen y al principio de igual paga igual trabajo. Ahora bien, puntualizamos que tales alegaciones, por sí solas, no justifican la concesión de un remedio, ni le conceden automáticamente jurisdicción al TPI para ventilar este caso en sus méritos.

Advertimos, además, que el derecho vigente no avala que una parte demandante se ampare en una alegación de violación a derechos constitucionales para eludir el trámite administrativo exigido por mandato legislativo. En la única circunstancia en que tal actuación resulta permisible es cuando la parte demandante demuestra que recurrir a la agencia constituye una gestión inútil, inefectiva y que no ofrece un remedio adecuado, o que causaría un daño irreparable e inminente. Véase *Beltrán Cintrón et al. v. ELA et al.*, *supra*, a la pág. 115. Sin embargo, la parte apelante no ha demostrado que median tales circunstancias en este caso.

Por consiguiente, nos corresponde sostener la determinación impugnada. A la luz de lo anterior, concluimos que el dictamen objeto de revisión judicial es consistente con los parámetros legales discutidos en el acápite anterior. En virtud de este razonamiento, confirmamos la Sentencia apelada, toda vez que no denota error manifiesto, abuso de discreción, prejuicio o parcialidad por parte del foro primario.

### IV.

Por los fundamentos que hacemos formar parte de este dictamen, confirmamos la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones